**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUMMIT GOLF BRANDS, INC.** | : | **CIVIL ACTION NO. 1:10-CV-1567** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **GARY TOLTON** | : | |
| | : | |
| **Defendant/Counterclaim** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUMMIT GOLF BRANDS, INC.,** | : | |
| **FAIRWAY & GREENE, LTD.,** | : | |
| **EASTERN PACIFIC APPAREL, INC.,** | : | |
| **RED LION MANUFACTURING, INC.,** | : | |
| **PEOPLE'S UNITED BANK, GILL** | : | |
| **BROOME, DAVID HALL, and** | : | |
| **STUART WARSHAW** | : | |
| | : | |
| **Counterclaim Defendants** | : | |

<u>**MEMORANDUM**</u>

Presently before the court is a motion for leave to file an amended complaint (Doc. 53) filed by plaintiff, Summit Golf Brands, Inc. ("Summit") on January 31, 2011. Defendant Gary Tolton ("Tolton") opposes the motion (<u>see</u> Doc. 62), asserting that the claims Summit seeks to add are barred by the statute of limitations and do not relate back to the date of filing of the original complaint. For the reasons that follow, the court will grant Summit's motion for leave to file an amended complaint.

I.    **Background**

The instant litigation arises from dealings between the parties in which

Summit's acquired Red Lion Manufacturing, Inc. ("Red Lion"), a company founded

by Tolton.  (Doc. 1 ¶¶ 1, 5).  The acquisition was achieved on or about November 20,

2007, when Summit executed a Stock Purchase Agreement with Donald Graham

and Tolton to purchase all of Red Lion's stock.  (Id. ¶¶ 13, 14).  On the same date,

and as referenced in the Stock Purchase Agreement, Summit entered into an

Employment Agreement with Tolton.  (See Doc. 1, Ex. A at 3, 13, 52; Doc. 16, Ex. D).

In its complaint, Summit alleges that, beginning in late November 2008 and

continuing through December 2008, Summit discovered that Tolton made material

misrepresentations and omissions in the Stock Purchase Agreement concerning

Red Lion's financial statements and condition.  (Id. ¶ 17, 18).  Thereafter, in January

2009, Summit made a demand for relief on Tolton.  (Id. ¶ 18).

Summit filed the instant action against Tolton on July 28, 2010, asserting

eight causes of action related to the alleged misrepresentations and omissions in the

Stock Purchase Agreement.  (See id.)  Tolton filed his answer on October 13, 2010

(Doc. 16), and advanced various counterclaims against Summit and other

defendants, including claims arising from the alleged breach of the Employment

Agreement between Summit and Tolton.  (See id. ¶¶ 140-172).  Summit filed an

answer to Tolton's counterclaims on December 6, 2010.  (Doc. 31).

In the joint case management plan submitted to the court (Doc. 36) on

December 9, 2010, Summit asserted its plans to add claims arising out of facts

pleaded by Tolton in his counterclaims.  (Id. at 19).  Accordingly, on January 31, 2011, Summit filed the motion presently before the court requesting leave to file an amended complaint.  Summit seeks to add three claims against Tolton—(1) fraud; (2) fraud in the inducement; and (3) breach of fiduciary duty—all arising out of Tolton's employment with Summit.  (Doc. 53).  Totlon objects to the filing of an amended complaint, asserting that Summit's new claims are time-barred and do not relate to the claims asserted in the original complaint.  In response, Summit contends that leave to amend should be granted because: (1) it is not clear from the face of the complaint that the claims are untimely; (2) the claims relate back to the original complaint; (3) Tolton's counterclaims tolled the statute of limitations on Summit's claims; (4) Summit's claims relate back to its answer to Tolton's counterclaims; and (5) even if barred by the statute of limitations, Summit is entitled to assert the claims as recoupment claims.  (Doc. 64).  The motion is fully briefed and is ripe for disposition.

## II.     Standard of Review

Federal Rules of Civil Procedure dictate that after a responsive pleading is filed, a party may amend its pleading only upon the written consent of the opposing party, or with the court's leave.  See FED. R. CIV. P. 15(a)(2).  The rules direct the court to "freely give leave when justice so requires."  Id.  Under this liberal standard, courts will grant a party leave to amend unless the opposing party can establish undue delay, bad faith on the part of the movant, futility of amendment, or prejudice to the non-moving party.  See Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d

3

Cir. 2006); <u>see</u> <u>also</u> <u>Forman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Combined Ins. Co. of</u>

<u>Am. v. Bastian</u>, No. 09-cv-111, 2009 WL 5111794, at *1 (M.D. Pa. Dec. 17, 2009).

In assessing futility, the court applies the same standard applicable to

motions under Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> <u>In re Burlington Coat</u>

<u>Factory</u>, 114 F.3d 1410, 1434 (3d Cir. 1997) ("'Futility' means that the complaint, as

amended, would fail to state a claim upon which relief could be granted."); <u>see</u> <u>also</u>

FED. R. CIV. P. 12(b)(6).  Amendment is considered futile, and the court need not

grant leave when a party seeks leave to amend a complaint to add claims barred by

the statute of limitations.  <u>See</u> <u>Cowell v. Palmer Twp.</u>, 263 F.3d 286, 296 (3d Cir.

2001).  However, the statute of limitations bar to suit must be clear on the face of the

complaint.  <u>See</u> <u>Wise v. Mortgage Lenders Network USA, Inc.</u>, 420 F. Supp. 2d 389,

393 (E.D. Pa. 2006).

Rule 15(c) of the Federal Rules of Civil Procedure provides for a slightly

relaxed application of the statute of limitations when a party is attempting to

amend a complaint.  An untimely claim asserted in an amended complaint may,

under certain circumstances, relate back to the date of the filing of the original

complaint.   Rule 15(c) provides that: "[a]n amendment to a pleading relates back to

the date of the original pleading when . . . the amendment asserts a claim or defense

that arose out of the conduct, transaction, or occurrence set out—or attempted to

be set out—in the original pleading."  FED. R. CIV. P. 15(c)(1)(B).  Operation of the

relation back provision therefore requires the existence of a common "core of

operative facts" between the original claims and the newly asserted claims.  Mayle

v. Felix, 545 U.S. 644, 659 (2005).

## II.   Discussion

Summit seeks to add three new claims to its complaint: (1) fraud; (2) fraud in

the inducement; and (3) breach of fiduciary duty related to Tolton's employment

with Summit.  (See Doc. 53, Ex. A ¶¶ 125-138).  The court concludes that the newly

asserted claims arise from the same conduct alleged in the original complaint—the

alleged misrepresentations and omissions made by Tolton.

As part of the Stock Purchase Agreement, Summit agreed to employ Tolton

as the Executive of its Zero Restriction Division.  (See Doc. 1, Ex. A at 3; id. at 13

(stating that Summit "agrees that it will continue to employ Gary Tolton for the

period of his Employment Agreement" ); id. at 52; Doc. 16, Ex. D).  Indeed, the

Purchase Agreement conditioned Summit's obligation to effect closing upon

execution of the Employment Agreement between the parties, (Doc. 1, Ex. A at 52

6.2(c) (stating that "Gary Tolton shall have delivered the executed the [sic]

Employment Agreement in the form attached as Exhibit 'A'")), and the

Employment Agreement was executed on the same day as stock purchase

agreement.  (See Doc. 16, Ex. D).

In Summit's original complaint, Summit set forth in great detail its

allegations regarding Tolton's misrepresentations and omissions with respect to

Red Lion's accounts receivable, inventory, cash flow, supply chain and financial

statements.  The new claims asserted in Summit's proposed amended complaint

rely on Tolton's alleged misrepresentations and concealment of "information about Red Lion's accounts receivable, inventory, cash flow, supply chain and financial statements." (See Doc. 53, Ex. B ¶¶ 126, 131, 137). According to Summit, those misrepresentations and omissions induced Summit to employ Tolton, and Tolton thereafter allegedly failed to correct those misrepresentations during his employment with Summit. (See Doc. 64, at 7). The new claims are therefore grounded in those same allegations of misrepresentation and concealment alleged in the original complaint. As such, the claims relate back to the date of the filing of the original complaint.

The court finds that Summit has not engaged in any dilatory tactics or undue delay in moving to amend its complaint. Summit informed Tolton that it intended to file an amended complaint as part of the joint case management plan submitted in December 2010. Summit thereafter filed the present motion to amend its complaint on January 31, 2011. There is no indication that Summit asserts the additional claims in bad faith; instead, it is clear that the claims are predicated on Tolton's counterclaims, which squarely placed his employment at issue. The court concludes that Tolton is not prejudiced by the filing of an amended complaint. Summit asserts, and Tolton does not dispute, that only limited discovery has occurred between the parties. (See Doc. 54, at 3, 6).

**IV.    Conclusion**

Summit's proposed amended complaint adds three claims against Tolton, all

of which relate back to the allegations in the original complaint filed on July 28,

2010.  It is not clear from the face of the original complaint that the complaint is

untimely.  Therefore, the court finds that amendment of the complaint is not futile,

and will grant Summit leave to file the proposed amended complaint.[1]

An appropriate order follows.

S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        April 7, 2011

---

[1] The court, having found that the claims in the amended complaint relate back to the original complaint, will not consider Summit's remaining arguments in support of granting leave.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **SUMMIT GOLF BRANDS, INC.** | : | **CIVIL ACTION NO. 1:10-CV-1567** |
| | : | |
| **Plaintiff** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **GARY TOLTON** | : | |
| | : | |
| **Defendant/Counterclaim** | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **SUMMIT GOLF BRANDS, INC.,** | : | |
| **FAIRWAY & GREENE, LTD.,** | : | |
| **EASTERN PACIFIC APPAREL, INC.,** | : | |
| **RED LION MANUFACTURING, INC.,** | : | |
| **PEOPLE'S UNITED BANK, GILL** | : | |
| **BROOME, DAVID HALL, and** | : | |
| **STUART WARSHAW** | : | |
| | : | |
| **Counterclaim Defendants** | : | |

## ORDER

AND NOW, this 7th day of April, 2011, upon consideration of the motion for

leave to file an amended complaint (Doc. 53), filed by plaintiff Summit Golf Brands,

Inc. on January 31, 2011, and for the reasons set forth in the accompanying

memorandum, it is hereby ORDERED that:

1. The motion for leave to file an amended complaint (Doc. 53) is
   GRANTED.

2. The Clerk of Court is directed to file the proposed document (Doc. 53-
   3) as an amended complaint as of the date of this order.

3.   Defendants shall respond to the amended complaint in accordance
     with the Federal Rules of Civil Procedure.


     S/ Christopher C. Conner
     CHRISTOPHER C. CONNER
     United States District Judge